Filed 5/4/26  P. v. B.L. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>B.L.,<br><br>        Defendant and Appellant. | E086150<br><br>(Super.Ct.No. FELSB24000110)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Dismissed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant B.L. appeals from a judgment following a bench trial recommitting her as an offender with mental health disorder (OMHD) under Penal Code sections 2970 and 2972.[1]  Her counsel on appeal raises two arguable issues for our review and asks us to independently review the record for reversible error under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We granted B.L. the opportunity to file a supplemental brief on her own behalf and she has not done so.  We agree with the reasoning and holding in *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*), however, that the procedures set forth in *Wende* and *Anders* for criminal defendants do not apply to an extension of a civil commitment pursuant to sections 2970 and 2972.  We thus decline to conduct an *Anders*/*Wende* review and dismiss the appeal.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2024, B.L. was convicted of criminal threats in violation of section 422.  The court sentenced B.L. to a total prison term of one year, four months with credit for time served.  Sometime thereafter, B.L. was committed to the Department of State Hospitals (DSH) as an OMHD under section 2962.  After B.L. was evaluated and

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

diagnosed by four medical examiners, the Board of Parole Hearing (BPH) found that B.L. met all six criteria for an initial OMHD commitment.

On December 18, 2024, B.L. filed a petition challenging the determination of the BPH that she qualified as an offender with an OMHD within the meaning of section 2962 and for recommitment. Pursuant to that determination, the BPH ordered B.L. to continue to accept mental health treatment through the DSH.

On February 11, 2025, B.L. waived her right to a jury trial. B.L. also indicated that she did not wish to testify and agreed to the case being tried based purely on the exhibits submitted at the bench trial.

The trial was held on April 8, 2025. The People introduced five exhibits in support of the civil recommitment.

On May 13, 2025, the trial court denied B.L.'s petition and found that B.L. qualified for recommitment as an OMHD under section 2962, subdivision (a). The court found that B.L. had a severe mental disorder as defined by section 2962, subdivision (a), that B.L. was not in remission, and that B.L. represented a substantial danger of physical harm to others. B.L. timely appealed.

III.

DISCUSSION

After B.L. appealed, her appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and procedural history. Counsel identified

two issues for review: whether the evidence was sufficient to sustain the petition and whether the court erred in relying on medical expert reports submitted by the People to make its findings in violation of *People v. Sanchez* (2016) 64 Cal.4th 665. Counsel also argues we should independently review the record on appeal for reversible error under *Wende/Anders*.

B.L. was provided a copy of counsel's brief and informed of her right to file a supplemental brief. She has not done so.

Following the holding of *Taylor*, *supra*, 160 Cal.App.4th 304, we will dismiss the appeal without conducting an independent review of the record because the procedures set forth in *Wende* and *Anders* for criminal defendants do not apply to an extension of a civil commitment under the OMHD statute. (§ 2960 et seq.)

The Supreme Court has held that the *Anders/Wende* independent review procedures do not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539 (*Ben C.*).) The Court of Appeal, Second Appellate District in *Taylor* concluded the *Wende/Anders* procedures likewise do not apply to OMHD commitment cases. (*Taylor*, *supra*, 160 Cal.App.4th at p. 308.) B.L.'s appellate counsel cites *Taylor* but does not agree with this conclusion.

In *Taylor*, the court discussed *Ben C.* and other relevant cases to conclude that the *Anders/Wende* review procedures do not apply to postconviction commitments under the OMHD statute. (*Taylor*, *supra*, 160 Cal.App.4th at p. 312.) *Taylor* reasoned that

4

*Wende/Anders* review is only required for appointed counsel's representation of an indigent defendant in a criminal case, and the Supreme Court has identified the OMHD statute as a " 'civil commitment scheme.' " (*Ibid*.; see § 2972, subd. (a)(1) [describing OMHD recommitment hearing as a "civil hearing"].) *Taylor* noted that "there are numerous procedural protections against unwarranted commitments" (*Taylor*, at p. 312), including the right to appointment of counsel on appeal, and "[d]ue process therefore does not require us to extend the *Anders/Wende* procedures to these appeals." (*Id.* at p. 313.) Accordingly, the *Taylor* court dismissed the appeal without conducting an independent review of the record. (*Ibid*.)

We agree with *Taylor*'s reasoning and apply it here. No reasonably arguable issues have been raised by counsel or B.L., and we decline to exercise our discretion under *Ben C.* to conduct an independent review of the record in this case under *Anders/Wende* or otherwise. (See *Taylor*, *supra*, 160 Cal.App.4th at p. 313.) Accordingly, we dismiss the appeal.

IV.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

MENETREZ
J.

LEE
J.